■ WILLIAM BODOUVA et al., Appellants, v HANK ROSS, Respondent. [667 NYS2d 306] —In an action to enforce a restrictive covenant, the plaintiffs appeal from so much of an order of the Supreme Court, Nassau County (Alpert, J.), entered December 11, 1996, as granted the defendant's motion for summary judgment dismissing the complaint and denied that branch of their cross motion which was for summary judgment on their cause of action for a permanent injunction.

Ordered that the order is affirmed insofar as appealed from, with costs.

In an action to enforce a restrictive covenant, RPAPL 2001 (3) (a) provides that "where a previously existing structure constituted a violation for which action is barred as provided in this section and a replacement, enlargement or alteration is made constituting or creating a different or more extensive violation, the completion of the replacement, enlargement or alteration shall be deemed the completion of the structure". Here, the Supreme Court correctly determined that a new cause of action did not accrue where the defendant's replacement structure was designed so as to fall within the profile of the prior structure, thus creating an even less extensive violation of the covenant. Where the language of a statute is unambiguous, there is no need to delve into legislative history (*see, Matter of Lloyd v Grella*, 83 NY2d 537, 545-546).

In light of this conclusion, we need not reach the defendant's remaining contentions. Bracken, J. P., Copertino, Thompson and Luciano, JJ., concur.